IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:19-cv-03275-RMR-STV

ATHENA BOTANICALS, LLC, a Colorado limited liability company; and SAN JUAN HEMP COMPANY LLC, a Colorado limited liability company

    Plaintiffs/Counterclaim Defendants,

v.

GREEN EARTH TECHNOLOGIES, L.L.C., an Arizona limited liability company; HALO LABORATORIES LLC, a Wyoming liability company; and DAVID VINDICI, an individual

    Defendants

And

GREEN EARTH TECHNOLOGIES, L.L.C., an Arizona limited liability company; HALO LABORATORIES LLC, a Wyoming limited liability company

    Counterclaim and Third-Party Plaintiffs,

v.

CBD EXTRACTS INC, a Colorado limited liability company; JERROD YOUNG, an individual; CRYSTAL COMBS YOUNG, an individual; JEREMIAH COMBS, an individual; YOUNG CONSTRUCTION SERVICES, LLC f/k/a YOUNG CUSTOM BUILDERS, LLC, a Colorado limited liability company; and HONEYCOMBS HERBS & VITAMINS, a Colorado limited liability company

    Third-Party Defendants.

---

**ORDER ON MOTION FOR ATTORNEY FEES**

---

    This matter comes before the Court on Defendants David Vindici and Green Earth Technologies, L.L.C. and Defendant/Counterclaim and Third-Party Plaintiff HALO

Laboratories LLC's (collectively, "HALO") Motion for Attorneys' Fees, ECF No. 212. HALO seeks an award of $151,587.25 in attorneys' fees. For the reasons stated herein, the motion is **DENIED**.

## I.     APPLICABLE LAW

"'Our basic point of reference' when considering the award of attorney's fees is the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.,* 560 U.S. 242, 252–53 (2010). Here, HALO seeks attorneys' fees pursuant to C.R.S. § 13-17-102, which provides:

> Subject to the limitations set forth elsewhere in this article, in any civil action of any nature commenced or appealed in any court of record in this state, the court shall award, by way of judgment or separate order, reasonable attorney fees against any attorney or party who has brought or defended a civil action, either in whole or in part, that the court determines lacked substantial justification.

A claim lacks substantial justification where it is "substantially frivolous, substantially groundless, or substantially vexatious." C.R.S. § 13–17–102(4); *see also Lorillard Tobacco Co. v. Engida*, 611 F.3d 1209, 1219 (10th Cir. 2010) ("Further, a claim lacks substantial justification if it lacks supporting evidence or the party pursing the claim cannot make a rational argument in its support based on the evidence or governing law.").

HALO argues that the claims against them were substantially groundless and vexatious. A claim is groundless "if there is no credible evidence to support the allegations in the complaint." *Zivian v. Brooke–Hitching,* 28 P.3d 970, 974 (Colo. App. 2001). A claim is vexatious if it is brought or maintained in bad faith. *Board of Commissioners, County of*

*Boulder v. Eason*, 976 P.2d 271, 273 (Colo. App. 1998). In making this determination, the court should consider the factors enumerated in C.R.S. § 13–17–103(1). *But see Munoz v. Measner*, 247 P.3d 1031, 1034–35 (Colo. 2011) (court need not specifically analyze these factors where it determines that attorney fees are not warranted).

## II.     ANALYSIS

### A.     Entitlement to Fees

The Court first considers whether HALO is entitled to attorneys' fees under C.R.S. § 13-17-103(1). The Athena Parties argue that the motion should be denied because (1) the basis for the attorneys' fees has already been litigated, (2) C.R.S. § 13-17-102 does not apply in federal court because it is preempted by Rule 11, and (3) in any case, their claims did not lack substantial justification. For the following reasons, the Court denies the motion.

First, this District has consistently found that Rule 11's safe-harbor provision preempts C.R.S. § 13-17-102, and therefore, failure to comply with the safe-harbor provision bars a motion for attorneys' fees pursuant to the Colorado statute. *See, e.g.*, *Dowling v. Gen. Motors LLC*, 333 F.R.D. 534, 538 (D. Colo. 2019) (collecting cases). "The conflict arises because although both Rule 11 and § 13-17-102 allow sanctions against a party who has brought frivolous or groundless claims," *id.*, Rule 11 contains a safe-harbor provision that "requires that a party seeking sanctions serve its motion on the opposing party 21 days before filing." *Kazazian v. Emergency Serv. Physicians, P.C.*, 300 F.R.D. 672, 676 (D. Colo. 2014); *see also* F.R.C.P. 11(c)(2) (safe-harbor provision). Section 13-

17-102 contains no such safe-harbor provision. Accordingly, courts in this district have concluded that Rule 11's safe harbor provision is in "direct conflict" with § 13-17-102. *Id.* "When a federal rule causes a direct collision with the state law or implicitly controls the issue before the court, the court must apply the Federal Rule." *Hanover Ins. Grp. v. iCarpets, Inc.*, No. 16-CV-01013-RBJ, 2017 WL 6524657, at *7 (D. Colo. Dec. 21, 2017) (internal quotations omitted). "[T]herefore, failure to comply with the safe-harbor provision [in Rule 11] bars a motion for attorney's fees pursuant to C.R.S. § 13-17-102." *Dowling*, 333 F.R.D. at 538. HALO does not dispute that it did not comply with Rule 11's requirement that it serve its motion on the opposing party 21 days before filing. Thus, the Athena Parties were not provided "a safe harbor during which time [they] could have dismissed her case without fear of sanctions under Rule 11." *Kazazian*, 300 F.R.D. at 676-77. Because HALO did not comply with Rule 11's safe-harbor requirement, the Court finds that it cannot award fees pursuant to C.R.S. § 13-17-102(2).[1]

Moreover, even if the Court were to consider the merits of HALO's motion, the Court does not find that the claims lack "substantial justification" as contemplated by C.R.S. § 13-17-102(2). The Court presided over a three-day bench trial in this matter. As stated in its Findings of Fact and Conclusions of Law, the Court found that "all parties had credibility issues" and denied most of the parties' claims. ECF No. 205 at 39. The Court ultimately reasoned that most claims were "predicated on the residual effects of a risky

---

[1] The irony is not lost on this Court that HALO seeks attorneys' fees against the Athena Parties for asserting claims that were groundless and yet the same could be said of HALO's current motion. It was this kind of vexatious litigation on both sides that exacerbated and prolonged this dispute for several years.

business meeting its end" and that "[t]he parties assumed the risk by relying on optimistic or exaggerated representations without sufficient due diligence in deciding whether to invest money in a venture with no agreement – written, formalized, or otherwise – in place." *Id.* at 15-16. Given the Court's view of the case, it does not find that attorneys' fees are warranted under the Colorado statute. *See Munoz*, 247 P.3d 1031, 1034–35 (Colo. 2011) (court need not set forth with its specificity its reasons for denying attorney fee request).

### III.   CONCLUSION

For the foregoing reasons, the HALO Parties' Motion for Attorneys' Fees, ECF No. 212, is **DENIED**.

DATED:  November 5, 2024

BY THE COURT:

_____

REGINA M. RODRIGUEZ

United States District Judge